# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
    *Plaintiff,*

v.

CARLOS C. SANCHEZ-ORTIZ,
    *Defendant.*

CRIMINAL NO. 22-361-03 (ADC)

## EX PARTE MOTION TO MODIFY CONDITIONS OF RELEASE

TO THE HONORABLE MARCOS E. LÓPEZ,
UNITED STATES MAGISTRATE JUDGE:

    COMES NOW defendant Carlos C. Sánchez-Ortíz and, through his undersigned counsel, respectfully states and prays as follows:

    1.    At the Bail Hearing held on August 15, 2022, counsel for defendant Carlos C. Sánchez-Ortíz requested that the Court allow him to travel in coordination with the United States Probation Officer, to travel stateside for business. The Court denied said request, indicating that defendant must file a motion requesting permission to travel for each trip.[1] See D.E. 10 ("The Court denied the request for the defendant to travel.")

    2.    On August 16, 2022 we accompanied defendant to the United States

---

[1] The purpose of the stateside travel pertains to the business of the ILA union. Defendant is an executive at the international as well as the local union and, as was explained to the Court, meetings are held in various states where the union operates. These meetings are notified in advance.

*United States v. Carlos C. Sánchez-Ortíz*
Criminal No. 22-361-03 (ADC)

Probation Office, the Clerk's Office and the United States Marshals Service office as directed by the Court.

3. The Order setting Conditions of Release (including Additional Conditions of Release) indicates at item 7(f), in part, defendant "[...] shall not enter any airport or pier, unless authorized by PT Officer." Defendant's employment requires him from time to time to enter piers. While defendant's office is not located at the piers, he still must go there on a regular basis. He is the president of the International Longshoremen's Union, Local 1740. The Probation Officer indicated that this was not mean t to prevent him from entering the piers when he had to as part of his work.

4. The same Order states at item 7(t):

**"EXCEPTION: The Chief U.S. Probation Office, or his designee, may authorize temporary changes of address, and overseas travel to mainland U.S. only, not exceeding 15 days, provided U.S. Attorney has no objection to it. If objected, request will have to be made in writing to the Court."**

5. This is in obvious conflict with the Court's initial directive. However, it does seem a more manageable manner of dealing with business travel authorizations.

*United States v. Carlos C. Sánchez-Ortíz*
Criminal No. 22-361-03 (ADC)

WHEREFORE defendant Carlos C. Sánchez-Ortíz prays that the Honorable Court modify his conditions of release to those reflected in the written conditions of release issued to defendant by the United States Probation Office.

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will notify all counsel of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 17th day of August, 2022.

*Counsel for Carlos C. Sánchez-Ortíz:*

LAW OFFICES OF THOMAS R. LINCOLN
Post Office Box 363852
San Juan, PR 00936-3852
Telephone (787) 593-8803
lincolnlaw@gmail.com


  s/ Thomas R. Lincoln
Thomas R. Lincoln
USDC-PR 125509